**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TYRONE WILLIAMS**                                    **CIVIL ACTION**

**VERSUS**                                             **NO.  08-1073**

**BURL CAIN, WARDEN**                                  **SECTION "J"(4)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.    Factual and Procedural Background

The petitioner, Tyrone Williams ("Williams"), is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On April 16, 1993, Tyrone was charged by bill of information in Orleans Parish in Case No. 362-846 with possession of crack cocaine with intent

---

[1]Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 3.

to distribute in violation of La. Rev. Stat. Ann. § 40:967(B)(1).[3]  On September 30, 1993, Williams

entered a plea of  nolo contendere.[4]  The Trial Court noted on the plea form that, as part of the

agreement, the State would not file a multiple bill against Williams in that case, and the defendant

would receive an eight year sentence.[5]  The Trial Court sentenced him to serve eight years in prison

with credit for time served.[6]

Williams conviction and sentence became final 30 days later, on Tuesday, November 2,

1993, because he did not seek reconsideration or file for an appeal.  La. Code Crim. P. art. 914;[7]

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when the time for

seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690,

694 (5th Cir. 2003)); *see*, La. Code Crim. P. art. 13 (weekends and holidays not included in

calculation of period when it would otherwise be the last day of the period); La. Rev. Stat. Ann. §

1:55 (November 1 is a legal holiday).

On December 23, 1993, Williams submitted an application for post-conviction relief to the

Trial Court in connection with Case No.362-846 raising three grounds for relief:[8] (1) the prosecution

failed to disclose favorable evidence; (2) the plea of nolo contendere was unlawfully induced or not

---

[3]St. Rec. Vol. 1 of 9, Bill of Information, No. 362-846, 4/16/93.

[4]St. Rec. Vol. 1 of 9, Guilty Plea Transcript, 9/30/93; Waiver of Constitutional Rights Plea of Nolo Contendere, 9/30/03.

[5]St. Rec. Vol. 1 of 9, Waiver of Constitutional Rights Plea of Nolo Contendere, 9/30/03.

[6]St. Rec. Vol. 1 of 9, Guilty Plea Transcript, 9/30/93; Waiver of Constitutional Rights Plea of Nolo Contendere, 9/30/03; Sentencing Form, 9/30/03.

[7]Louisiana law requires a criminal defendant move for leave to appeal within 30 days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1).  Failure to move timely for appeal under Article 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

[8]St. Rec. Vol. 1 of 9, Uniform Application for Post Conviction Relief, 12/27/93 (signed 12/23/93).

made voluntarily with an understanding of the nature and consequences of the plea; and (3) counsel provided ineffective assistance because of his delay in pursuing exculpatory evidence not turned over by the State.  The Trial Court denied relief on February 1, 1994.[9]

Williams submitted a second application for post-conviction relief to the Trial Court on February 25, 1994, alleging that the Trial Court erred in accepting the nolo contendere plea where petitioner pleaded his innocence, the Trial Court did not indicate any factual support for the offense, and the Trial Court did not inform him of the statute to which he entered the plea.[10]  On January 17, 1995, the Trial Court denied the application finding that the claims were without merit.[11]

On May 1, 1995, Williams submitted a writ application to the Louisiana Fourth Circuit Court of Appeal seeking review of the Trial Court's order.[12]  The Louisiana Fourth Circuit denied the application on May 30, 1995, finding no error in the Trial Court's ruling.[13]  He did not seek further review of this ruling.

Williams was apparently released from jail on the prior sentence,[14] and on November 18, 1997, he was arrested on new charges.[15]  On June 18, 1998, he was charged by bill of information in Orleans Parish Criminal Case No. 399-049 with one count of possession with the intent to

---

[9]St. Rec. Vol. 1 of 9, Minute Entry, 2/1/94.

[10]St. Rec. Vol. 1 of 9, Post-Conviction Application, 3/7/94 (dated 2/25/94).

[11]St. Rec. Vol. 1 of  9, Judgment on Application for Post Conviction Relief, 11/17/95.

[12]St. Rec. Vol 2 of 9, 4th Cir. Writ Application, 95-K-0975, 5/4/95 (signed 5/1/95).

[13]St. Rec. Vol. 2 of 9, 4th Cir. Order, 95-K-0975, 5/30/95.

[14]The record does not indicate when Williams was released from prison in connection with his eight year sentence in Case No. 362-846.

[15]St. Rec. Vol. 9 of 9, Incident Report (10 pages), 11/19/97 (showing date of arrest as 11/18/97).

distribute a rock and/or powder cocaine and one count of being a felon in possession of a firearm.[16] The second count was amended on July 20, 1999, to attempted felon in possession of a weapon.[17]

On November 18, 1998, Williams was tried before a jury on the possession with intent to distribute charge, and was found guilty by a jury as charged.[18]  On March 11, 1999, the Trial Court denied Williams's motion for a new trial, and the State filed a multiple bill charging him as a third felony offender, which included his prior 1988 conviction for possession of cocaine in Case No. 328-931 and his 1993 conviction for possession with intent to distribute crack cocaine in Case No. 362-846 discussed above.[19]

At a hearing held on April 26, 1999, the Trial Court adjudicated Williams to be a third felony offender and sentenced him to serve life in prison without the benefit of parole, probation, or suspension of sentence.[20]  Williams, on July 20, 1999, entered a plea of guilty to the amended second count of attempted felon in possession charge pursuant to *State v. Crosby*, 338 So.2d 584 (La. 1976)[21] and *North Carolina v. Alford*, 400 U.S. 25 (1970),[22] and he received a sentence of four years

---

[16]St. Rec. Vol. 5 of 9, Bill of Information, No. 399-049, 6/18/98.

[17]*Id.*, handwritten amendment, 7/20/99.

[18]St. Rec. Vol. 4 of 9, Trial Minutes, 11/18/98; St. Rec. Vol. 5 of 9, Jury Verdict, 11/18/98.

[19]St. Rec. Vol. 4 of 9, Minute Entry, 3/11/99; St. Rec. Vol. 5 of 9, Multiple Bill, 3/11/99; St. Rec. Vol. 6 of 9, Motion for New Trial, 3/11/99.

[20]St. Rec. Vol. 6 of 9, Opinion, Fourth Circuit Court of Appeal decision in 399-049, 2000-KA-2058, 05/09/01.

[21]Under Louisiana law, a *Crosby* plea allows the defendant to reserve the right to appeal the denial of his motion to suppress.

[22]Under *Alford*, a criminal defendant can enter and a court can accept a plea of guilty in spite of the defendant's insistence that he is innocent.

4

to run concurrent with the life sentence.[23]  Williams appealed his convictions and sentences raising

several grounds for relief pro se and through counsel: (1) the Trial Court erred in denying the motion

to suppress; (2) the Trial Court erred in denying the motion to recuse the district attorney's office

and the two judges who presided over the case at different times; (3) the Trial Court erred in denying

the motion to quash the multiple bill based on the cleansing period, in finding him to be a third

offender based on insufficient evidence, in denying him the right to a jury trial on the multiple bill,

and in sentencing him to an excessive sentence; and (4) the Trial Court erred in admitting other

crimes evidence.

On May 1, 2001, the Louisiana Fourth Circuit affirmed his convictions and sentences finding

no merit to his claims.[24]  His related writ application to the Louisiana Supreme Court was denied

without reasons on May 10, 2002.[25]  Williams pursued post-conviction relief from his conviction

in Case No. 399-049; however, he is not here challenging the convictions in that case.  He instead

is challenging his guilty plea in Case No. 362-846, and the Court will proceed with the post-

conviction procedural history as to that case.

Williams returned to the Trial Court to challenge his plea and conviction in Case No. 362-

846.  On March 21, 2002, he submitted a writ application with the Louisiana Fourth Circuit seeking

review of the January 17, 1995, Trial Court order denying his 1994 application for post-conviction

---

[23]St. Rec. Vol. 4 of 9, Plea Minutes, 7/20/99; St. Rec. Vol. 6 of 9, Waiver of Constitutional Rights, 7/20/99.

[24]*State v. Williams*, 788 So.2d 515 (La. App. 4th Cir. 2001); St. Rec. Vol. 6 of 9, 4th Cir. Opinion, 2000-KA-0011 c/w 2000-KA-1058, 5/9/01.

[25]*State v. Williams*, 815 So.2d 832 (La. 2002); St. Rec. Vol. 9 of 9, La. S. Ct. Order, 2001-KO-1813, 5/10/02; La. S. Ct. Letter, 2001-KO-1813, 6/19/01 (postmark 6/12/01); La. S. Ct. Writ Application, 01-KO-1813, 6/19/01.

relief.[26]  On April 26, 2002, the Court denied the application as repetitive pursuant to La. Code Crim. P. art. 930.4, because the validity of his guilty plea was reviewed in Writ No. 95-K-0975 and found to be legal in all respects.[27]  He did not seek further review of this order.

Williams filed a motion on January 27, 2003, seeking production of certain transcripts from his record in Case No. 362-0846.[28]  The Trial Court denied the request without stated reasons on January 29, 2003.[29]  Thereafter, on February 28, 2003, Williams sought review of that order in the Louisiana Fourth Circuit.[30]

On April 4, 2003, the Court denied the application in part as to the transcripts of the motion to suppress and subpoena hearings and granted in part directing the Trial Court to provide him with a copy of the transcript of the February 1, 1994, post-conviction hearing.[31]  His related writ application to the Louisiana Supreme Court was denied on April 30, 2004, and he was instructed to first address his request to the records' custodian.[32]

On July 9, 2004, Williams filed another writ application with the Louisiana Fourth Circuit requesting copies of the transcript of his September 30, 1993, guilty plea and the subpoena hearing

---

[26]St. Rec. Vol. 2 of 9, 4th Cir. Writ Application, 2002-K-0583, 3/25/02 (dated 3/21/02).

[27]St. Rec. Vol. 2 of 9, 4th Cir. Order, 2002-K-0583, 4/26/02.

[28]St. Rec. Vol. 1 of 9, Motion for Production of Documents, 1/30/03.

[29]St. Rec. Vol. 1 of 9, Trial Court Judgment, 1/29/03.

[30]St. Rec. Vol 2 of 9, 4th Cir. Writ Application, 2003-K-0443, 2/28/03.

[31]St. Rec. Vol. 2 of 9, 4th Cir. Order, 2003-K-0443, 4/4/03.

[32]*State ex rel. Williams v. State*, 872 So.2d 487 (La. 2004); St. Rec. Vol. 3 of 9, La. S. Ct. Order, 2003-KH-1317, 4/30/04; La. S. Ct. Letter, 2003-KH-1317, 5/9/03 (postmark 4/28/03); La. S. Ct. Writ Application, 03-KH-1317, 5/9/03 (postmarked 4/28/03).

held September 28, 2003, in Case No. 362-846.[33]  On August 3, 2004, the appellate court granted

the application for the sole purpose of transferring it to the Trial Court for consideration of his

request.[34]  The Trial Court granted the request on August 6, 2004.[35]

Over two years later, on October 4, 2006, Williams filed in the Trial Court a request to set

aside his guilty plea in Case No. 362-846.[36]  He alleged that the State breached the plea agreement

that it would not file a multiple bill in the case, and the State filed a multiple bill using the

conviction to enhance his sentence in Case No. 499-049.  The Trial Court denied the motion on

October 4, 2006, without stated reasons.[37]

He sought review of that order in his writ application filed in the Louisiana Fourth Circuit

on November 13, 2006.[38]  The Court denied the application on December 11, 2006, finding that the

State did not breach the plea agreement, because the plea agreement did not prevent the State from

later filing the multiple bill in Case No. 499-049.[39]  His related writ application to the Louisiana

Supreme Court was also denied without stated reasons on October 12, 2007.[40]

---

[33]St. Rec. Vol. 2 of 9, 4th Cir. Writ Application, 2004-K-1174, 7/9/94.

[34]St. Rec. Vol. 2 of 9, 4th Cir. Order, 2004-K-1174, 8/3/04.

[35]St. Rec. Vol. 1of 9, Trial Court Judgment, 8/6/04.

[36]St. Rec. Vol. 1 of 9, Breached Plea Agreement Request to Set Aside an Illegal Guilty Plea, 10/4/06.

[37]St. Rec. Vol. 1 of 9, Trial Court Judgment, 10/4/06; *see also*, Minute Entry, 9/26/06.

[38]St. Rec. Vol. 2 of 9, 4th Cir. Writ Application, 2006-K-1481, 11/13/06.

[39]St. Rec. Vol. 2 of 9, 4th Cir. Order, 2006-K-1481, 12/11/06.

[40]*State ex rel. Williams v. State*, 965 So.2d 393 (La. 2007); St. Rec. Vol. 3 of 9, La. S. Ct. Order, 2007-KH-0135, 10/12/07; La. S. Ct. Letter, 2007-KH-135, 1/25/07 (postmark 1/2/07); La. S. Ct. Writ Application, 07-KH-135, 1/25/07 (postmarked1/2/07).

## II.   __Federal Petition__

On April 9, 2008, the clerk of this Court filed Williams's petition for federal habeas corpus

relief, in which he alleges that he was denied his constitutional right when he was convicted on a

plea of guilty that was unlawfully induced and not made voluntarily with understanding.[41]   The State

filed a memorandum in opposition to Williams's petition arguing that (1) he is no longer in custody

on the conviction about what he complains, leaving this Court without jurisdiction to entertain his

petition, (2) that his request for habeas review is untimely filed, and (3) alternatively, the claim is

barred from review by the United States Supreme Court decision in *Lackawanna County Dist. Atty.*

*v. Cross,* 532 U.S. 394 (2001).[42]

## III.   __General Standards of Review__

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-

132, 110 Stat. 1214,[43] applies to this petition, which is deemed filed in this court under the federal

mailbox rule on February 13, 2008 .[44]   Generally, the threshold questions in habeas review under the

---

[41]Rec. Doc. No. 3, pp. 5, 19.

[42]Rec. Doc. No. 8.

[43]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[44]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Williams's federal habeas petition on April 9, 2008, when the filing fee was received after denial of pauper status. Williams dated his signature on the petition on February 13, 2008. This is the earliest date on which he could have delivered it to prison officials for mailing. The fact that he paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c) (2006)).

In this case, the State argues that Williams's petition is not timely filed and that the Court is without jurisdiction. While the Court agrees that Williams's petition is not timely under the AEDPA, a review of the record reflects that this Court is without subject matter jurisdiction over Williams's habeas corpus petition challenging the 1993 guilty plea and conviction, and it can be dismissed for that reason.

## IV.   The "In Custody" Requirement of Subject Matter Jurisdiction

Title 28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief <u>only</u> from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis added); 28 U.S.C. § 2254(a); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (To be eligible for federal habeas corpus relief, a petitioner must be "in custody" and have exhausted state court remedies). The United States Supreme Court has interpreted this statutory language to require that the habeas petitioner be "in custody" for the conviction or sentence under attack at the time the petition is filed. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (whether a petitioner is "in custody" is determined as of the date on which the habeas petition is filed); *Maleng*, 490 U.S. at 490-91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)); *Port v. Heard*, 764 F.2d 423, 425 (5th Cir. 1985).

The *Maleng* Court further held that a habeas petitioner is not considered to be "in custody" when his sentence has expired for the challenged conviction.  *Maleng*, 490 U.S. at 492 (citing *Carafas*, 391 U.S. at 238); *Hendrix v. Lynaugh,* 888 F.2d 336, 338 (5th Cir. 1989) (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of section 2254); *accord Steverson v. Summers*, 258 F.3d 520, 524 (6th Cir. 2001); *Pleasant v. State*, 134 F.3d 1256, 1258 (5th Cir. 1998).  While recognizing that a prisoner need not be physically confined to be "in custody" for the purposes of § 2254, the Court noted:

> We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.  Indeed, our decision in *Carafas v. La Vallee*, *supra*, strongly implies the contrary.

*Maleng*, 490 U.S. at 491.

In this case, Williams was no longer incarcerated for the 1993 guilty plea convictions in Case No. 362-846 when he was arrested on November 18, 1997, for possession with intent to distribute and as a felon in possession of a weapon charged in Case No. 399-049.  Williams's petition is deemed filed in this Court under the federal "mailbox rule" on February 13, 2008.  At that time, Williams was <u>not</u> in custody on the 1993 conviction, and was instead serving his sentence in Case No. 399-049.  His current incarceration stems from another, subsequent criminal conviction.  Williams, therefore, is not "in custody" for purposes of this petition, and this Court is without subject matter jurisdiction to consider his claims.

## V.      Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Tyrone Williams's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** because the Court lacks subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[45]

New Orleans, Louisiana, this 14th day of  December, 2010.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[45]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.